By the Court.—McCunn, J.
The action is for the price of fifty thousand pounds of copper sold by plaintiffs to defendants, deliverable on a certain day at buyer’s option. The contract is admitted. When the day for performing the contract arrived, the plaintiff tendered the copper to defendants by handing them the storage receipts, and demanding payment. He also offered to deliver the copper if required. -It is quite true that a tender must be free from all condition ; the property must be unincumbered, and the title perfected in the defendants. An offer to tender where the plaintiff is not in this condition is inoperative. But all these conditions were complied with in this case.' Indeed, the defendants made no objection to the tender or any objection of any kind, but replied that they were unable to pay, and asked for thirty days’ extension of the contract, which the plaintiff refused to give. Moreover, the ténder was twice made, first by the broker and next by the plaintiff in person. Again, the question of tender was submitted to the jury, and this fully disposed of it.' It is well settled that the tender of a warehouse receipt is sufficient tender where the subject in dispute is ponderous or incapable of a personal delivery ; and in this case a tender of the warehouse receipts, and offer to indorse them over, we hold was a sufficient delivery under this contract (26 Barb. 372 ; 5 J. R.. 335; 4 Seld. 508; Story on Sales, §§ 311, 312). But over and above all this the plaintiff offered to make an actual delivery of the cop *346 per if defendant required it. In this case the defendant notified the plaintiff that he would not be able to pay for the property, and such a notice is a waiver of any right to a delivery or tender (Burge v. Korp, 5 Robt. Supr. C. R. 1). The exception to the charge is made to the whole charge in bulk. This is too broad, even if any part is erroneous (Haggard v. Morgan, 1 Seld. 422).
The judgment should be affirmed, with costs.